E-FILED
Thursday, 09 March, 2006  04:42:29 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| DEBRA E. MURRIL, | ) | |
| (a/k/a Debra E. Merrill), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1276 |
| | ) | |
| M & M MARS CO., | ) | |
| | ) | |
| Defendant. | ) | |

### **O R D E R**

Before the Court is Defendant, M & M Mars Co.'s ("M&M/Mars") Motion for Summary Judgment [Doc. #23] and Plaintiff, Debra E. Murril's Response [Doc. #25]. For the reasons that follow, Defendant's Motion will be granted.

Initially, the Court points out that Rule 56 of the Federal Rules of Civil Procedure and Local Rule 7.1(D) govern motions for summary judgment in the Central District of Illinois. See FED. R. CIV. P. 56; CDIL-LR 7.1. While the technical requirements of Local Rule 7.1(D) do not apply to *pro se* litigants, such as Plaintiff, there are no exemptions from the requirements of Rule 56 under the Federal Rules of Civil Procedure. As a result, the Seventh Circuit requires that all *pro se* litigants be given adequate notice of the consequences of failing to properly respond to a motion for summary judgment. See Timms v. Frank, 953 F.2d 281, 285 (7th Cir. 1992).

In compliance with the Seventh Circuit's mandate, Plaintiff was provided with the following notice on January 6, 2006:

> NOTICE IS HEREBY GIVEN that a case-dispositive motion (such as a motion for summary judgment or motion for judgment on the pleadings) has been filed.
> . . .
> When a motion for summary judgment is made and properly supported, you may not simply rely upon the allegations made in your complaint. Rather, you must respond by affidavit(s) or as otherwise provided in Rule 56 of the Federal Rules of Civil Procedure, a copy of which is attached. Your response must set forth specific facts showing that there is a genuine issue of material fact for trial. If you do not submit affidavits or other documentary evidence contradicting the defendants' assertions, the defendants' statement of facts will be accepted as true for purposes of summary judgment. **See Fed. R. Civ. P. 56(e)(attached)**.

[Doc. #24] (emphasis in original).

To avoid summary judgment, Plaintiff must therefore counter Defendant's factual assertions with "materials of evidentiary quality (such as affidavits or depositions)[,]" pointing to specific facts showing a genuine issue for trial. Green v. National Steel Corp., 197 F.3d 894, 899 (7th Cir. 1999); see also Bombard v. Fort Wayne Newspapers, Inc., 92 F.3d 560, 562 (7th Cir. 1996) (stating that the evidence relied upon by the non-moving party must be of the type otherwise admissible at trial). Plaintiff, however, has proffered no such materials to controvert Defendant's properly supported factual assertions. Therefore, the Court will accept Defendant's version of the facts as true for purposes of summary judgment. See Dent v.

Bestfoods, 2003 U.S. Dist. LEXIS 14871, at *8-9 (N.D. Ill. August 27, 2003) (stating that the court will accept the non-movant's version of the disputed facts only if the non-movant supports those facts with materials of evidentiary quality).

### I.
#### BACKGROUND

In 1988, Plaintiff, Debra E. Murril, was diagnosed with schizophrenia at the Illinois Psychiatric Institute in Chicago, Illinois. She continues to receive treatment for her disability at Western Illinois University Psychology Clinic in Macomb, Illinois. At the time of her diagnosis, Murril participated in a work program at Thresholds Psychiatric Rehabilitation Center ("Thresholds"). Murril claims that while participating in the Thresholds program, she packaged bags of M&M candies at a M&M/Mars facility located in Chicago, Illinois from 1988 to 1989.[1] She further alleges that although she received her paychecks from Thresholds, she was nonetheless an employee of Defendant, M&M/Mars.

However, M&M/Mars has put forth "materials of evidentiary quality" to establish that Murril was never directly or

---

[1] Although Murril's original *pro se* employment discrimination complaint (copied verbatim from her EEOC Charge) alleges that she worked for M&M/Mars from 1980 to 2003, she has since clarified that the actual dates of her alleged employment with M&M/Mars was from 1988 to 1989 -- "One full year". [Docs. #2, #15; Pl. Dep. pgs. 10-14, 18-19].

3

indirectly employed by M&M/Mars as a result of her participation in the Thresholds program.[2] These evidentiary materials establish the following: Mars, Inc. has no record of Murril ever being employed at any of its entities, including M&M/Mars; M&M/Mars does not and, did not in 1988 or 1989, manufacture, package, distribute or otherwise process M&M candies at any facility in or near Chicago, Illinois; M&M/Mars has never participated in the Thresholds program and has only participated in a program called "Bridges," which started sometime after 1990; and Murril has never participated in the "Bridges" program at M&M/Mars. In response to the evidentiary materials proffered by M&M/Mars, Murril simply rest upon her bare, self-serving assertions as stated in her complaint.

Nevertheless, on November 12, 2003, Murril filed a "Charge of Discrimination" against M&M/Mars with the Equal Employment Opportunity Commission ("EEOC"), alleging M&M/Mars engaged in disability discrimination in violation of the Americans with

---

[2] Although M&M/Mars has submitted several unsworn declarations in support of its summary judgment motion, these declarations nevertheless suffice as "affidavit material" for purposes of Rule 56 under the Federal Rules of Civil Procedure because they have been made and signed "under penalty of perjury" as required by 28 U.S.C. § 1746. See Ford v. Wilson, 90 F.3d 245, 247 (7th Cir. 1996) (stating that 28 U.S.C. § 1746 permits an unsworn declaration to substitute for an affidavit only if executed "under penalty of perjury"); Karraker v. Rent-A-Center, Inc., 316 F. Supp. 2d 675, 678 (C.D. Ill. 2004) (stating that unsworn declarations signed "under penalty of perjury" in compliance with 28 U.S.C. § 1746 have been upheld as admissible in summary judgment proceedings).

Disabilities Act of 1990 ("ADA"). The EEOC issued a "Dismissal and Notice of Rights" letter on November 17, 2003, informing Murril that her charge was dismissed and that she had 90 days to file suit. Murril then filed suit against M&M/Mars in the McDonough County Circuit Court on January 15, 2004. It is unclear exactly what happened to her state court case, but it appears there are no claims pending in state court at the present time. Months later, Murril tendered a standard-form *pro se* employment discrimination complaint to the U.S. District Clerk's Office for the Central District of Illinois, which was later filed on September 3, 2004.

After a liberal reading of her *pro se* employment discrimination complaint, the attachments thereto and several letters to the Court (which will be construed as amendments to the complaint), Murril appears to allege M&M/Mars engaged in employment discrimination and harassment on the basis of her mental disability and race, in violation of the ADA, 42 U.S.C. § 12101 *et seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*

In particular, Murril alleges M&M/Mars paid her "piece rate" at approximately ten cents per item packaged rather than the minimum wage paid to other employees. She claims her pay was much lower than that of her non-disabled and non-black co-workers, totaling approximately five to six dollars every two

weeks. She further alleges M&M/Mars caused her money and other belongings to be stolen, caused her to be raped, caused her to be attacked while living on the streets, caused her to be in a car accident, and later threatened to do physical harm to her if she was to tell anyone about these events. However, Murril proffers no evidence to support any of her allegations and, M&M/Mars, on the other hand, has put forth "materials of evidentiary quality" to controvert her rather outlandish claims.

## II.
### LEGAL STANDARD

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party has the responsibility of informing the Court as to portions of the record that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The moving party may meet this burden by demonstrating "that there is an absence of evidence to support the nonmoving party's case." Id. at 325.

Once the moving party has met its burden, to survive summary judgment the non-moving party must go beyond the pleadings and set forth specific facts showing that there is a

genuine issue for trial. FED. R. CIV. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Neither "the mere existence of some alleged factual dispute between the parties," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986) (emphasis in original), nor the existence of "some metaphysical doubt as to the material facts," Matsushita Elec., 475 U.S. at 586, is sufficient to defeat a motion for summary judgment. See also Chiaramonte v. Fashion Bed Group, Inc., 129 F.3d 391, 395 (7th Cir. 1997). Instead, the non-moving party "must present sufficient evidence to show the existence of each element of its case on which it would bear the burden at trial." Filipovic v. K & R Express Sys., Inc., 176 F.3d 390 (7th Cir. 1999).

This Court must "view the record and all inferences drawn from it in the light most favorable to the [non-moving party]." Holland v. Jefferson Nat. Life Ins. Co., 883 F.2d 1307, 1312 (7th Cir. 1989). In doing so, only evidence that would be admissible at trial under the Federal Rules of Evidence may be taken into consideration. Bombard, 92 F.3d at 562. Furthermore, this Court is not "required to draw every conceivable inference from the record -- only those inferences that are reasonable." Bank Leumi Le-Isreal, B.M. v. Lee, 928 F.2nd 232, 236 (7th Cir. 1991). Therefore, if the record before the court "could not lead a rational trier of fact to find for

7

the non-moving party," then no genuine issue of material fact exists and, the moving party is entitled to judgment as a matter of law. McClendon v. Indiana Sugars, Inc., 108 F.3d 789, 796 (7th Cir. 1997) (quoting Matsushita Elec., 475 U.S. at 587); see also Liberty Lobby, 477 U.S. at 248, 251-52.

## III.
### ANALYSIS

**A.  Plaintiff must prove that an employer/employee relationship exist.**

To establish a claim under either the ADA or Title VII, the plaintiff carries the burden of demonstrating the existence of an employer/employee relationship. See Aberman v. J. Abouchar & Sons, 160 F.3d 1148 (7th Cir. 1998) (discussing the ADA) and Alexander v. Rush North Shore Medical Center, 101 F.3d 487 (7th Cir. 1996) (discussing Title VII). M&M/Mars, however, has put forth uncontroverted evidence that clearly shows that no employment relationship ever existed between Murill and M&M/Mars. Therefore, to defeat summary judgment, Murril cannot simply rest upon the mere allegations stated in her complaint; she must go beyond the pleadings to set forth specific facts which would indicate that a genuine issue for trial does exist. See Fed. R. Civ. P. 56(e); Matsushita Elec., 475 U.S. at 586-87. This, however, Murril is unable to do. Thus, her self-serving assertions alone are insufficient to defeat summary judgment in

the instant matter.  See Taylor v. ADS, Inc., 327 F.3d 579, 581 (7th Cir. 2003).

Furthermore, even assuming *arguendo* that Murril was able to demonstrate that an employer/employee relationship did exist between M&M/Mars and herself, her ADA and Title VII claims would still fail for the reasons stated below.

**B.    The ADA did no go into effect until July 26, 1992, and does not apply retroactively.**

The ADA expressly prohibits various types of employment discrimination against qualified individuals with disabilities. 42 U.S.C. § 12112(a); Basith v. Cook County, 241 F.3d 919, 927-28 (7th Cir. 2001).  The Act provides in relevant part:

> No [employer] shall discriminate against a qualified individual with a disability because of the disability of such individual with regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions and privileges of employment.

42 U.S.C. § 12112(a).  Murril claims that during her alleged employment at M&M/Mars from 1988 to 1989, she was constantly discriminated against and harassed because of her mental disability and, ultimately, denied compensation commensurate with the rate of pay for non-disabled employees.

However, the ADA was not signed into law until July 26, 1990, and, did not go into effect until two years later on July 26, 1992.  42 U.S.C. § 12111; Pub. L. 101-336, sec. 108; 104 Stat. 327; see also Graehling v. Village of Lombard, 58 F.3d

295, 296 (7th Cir. 1995); Strickland v. B. Manischewitz Sales Corp., 1995 U.S. Dist. LEXIS 13631, at *6 (N.D. Ill. September 14, 1995). This is significant because the ADA does not apply retroactively to alleged acts of discrimination that occurred prior to its effective date. Graehling, 58 F.3d at 296; Vande Zande v. Wisconsin Dep't of Admin., 44 F.3d 538, 545 (7th Cir. 1995); Strickland, 1995 U.S. Dist. LEXIS 13631, at *6.

Therefore, to the extent that Murril alleges that M&M/Mars engaged in acts of discrimination and harassment prior to July 26, 1992, she has no viable cause of action under the ADA. Likewise, the ADA does not apply to Murril's claims of discrimination and harassment that took place after July 26, 1992, because she was no longer allegedly an employee of M&M/Mars. See Aberman v. J. Abouchar & Sons, 1997 U.S. Dist. LEXIS 1000, at *3 (N.D. Ill. February 4, 1997) (stating that it is "undisputed that for plaintiff to have a claim under the ADA, [s]he must be an employee of defendant"), aff'd, 160 F.3d 1148 (7th Cir. 1998).

**C.   Judicial claims under Title VII are limited in scope to the allegations contained in the employee's EEOC charge.**

Under Title VII, "it is unlawful for an employer 'to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or

10

national origin.'" Patton v. Indianapolis Pub. Sch. Bd., 276 F.3d 334, 338 (7th Cir. 2002) (quoting 42 U.S.C. § 2000e-2). Murril claims that in addition to being discriminated against and harassed because of her disability, she was also discriminated against and harassed because of her race.

However, a Title VII plaintiff generally cannot bring claims in a lawsuit that were not included in her EEOC charge. Cheek v. Western & S. Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994); Rush v. McDonald's Corp., 966 F.2d 1104, 1110-1112 (7th Cir. 1992) ("An aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination."). As the Seventh Circuit further explained in Cheek:

> This rule serves the dual purpose of affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion, and of giving the employee some warning of the conduct about which the employee is aggrieved. Although the rule is not jurisdictional, it is a condition precedent with which Title VII plaintiffs must comply. For allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would frustrate the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge.

31 F.3d at 500. Nevertheless, an EEOC charge will be held to encompass the Title VII claims asserted in a civil action if the claims are "like or reasonably related to the allegations of the charge" and "can reasonably be expected to grow out of an EEOC

11

investigation of the allegations in the charge." Cheek, 31 F.3d at 500 (internal quotations omitted).

Here, Murril's racial discrimination claims, as alleged in her complaint, are wholly diverse from the allegations of discrimination described in her EEOC charge. That is, she is asserting her Title VII claims for the first time in the instant matter. She did not check the "Race" box on her EEOC charge, nor did she allege in the body of the charge that she was being discriminated against because of her race. Instead, Murril simply checked the "Disability" box and made the following statements in the body of her EEOC charge:

> I was employed by [M&M/Mars] in 1980 as a factory worker. Throughout my employment [M&M/Mars] has never paid me. In or around 1988, I informed [M&M/Mars] of my *disability*. [M&M/Mars] continued to deny me wages for my work. [M&M/Mars] has stolen documents from me that would establish our employee-employer relationship. I left [M&M/Mars]'s employ in or around June 2003.
>
> I believe I have been discriminated against because of my *disability* in violation of the Americans with Disabilities Act of 1990.

[Pl.'s EEOC Charge] (emphasis added).[3]

Thus, Murril made absolutely no mention of racial discrimination in her EEOC charge. As a result, her Title VII claims are well beyond the scope of her EEOC charge and must be dismissed because they are not properly before the Court. See

---

[3] The Court again notes that Murril has clarified that the actual dates of her alleged employment with M&M/Mars was from 1988 to 1989. [Docs. #2, #15; Pl. Dep. pgs. 10-14, 18-19].

Clark v. Chrysler Corp., 673 F.2d 921, 931 (7th Cir. 1982) (holding the plaintiff's sex discrimination claim to be beyond the scope of her EEOC charge because not only did she fail to mark the "sex" box, but she also failed to allege sex discrimination in the body of the charge); Carrillo v. Illinois Bell Tel. Co., 538 F.Supp. 793, 797-98 (N.D. Ill. 1982) (holding the plaintiff's racial discrimination claims to be beyond the scope of her EEOC charge because not only did she fail to mark the "race" box, but she also failed to allege racial discrimination in the body of the charge).

Furthermore, as discussed above, Title VII does not apply to Murril's claims of racial discrimination and harassment that took place after her alleged employment with M&M/Mars ended in 1989.  See Aberman, 1997 U.S. Dist. LEXIS 1000, at *3 (stating that it is "undisputed that for plaintiff to have a claim under the ADA, [s]he must be an employee of defendant").

## IV.
### CONCLUSION

For the reasons set forth above, it is therefore ordered that summary judgment be awarded in favor of Defendant, M&M/Mars, and against Plaintiff on all counts of the Complaint.

Entered this  9th  day of March, 2006.

                                   /s/ Joe B. McDade
                                   Joe Billy McDade
                                 United States District Judge