E-FILED
Thursday, 20 April, 2006  01:30:29 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

```
DEBRA E. MURRIL,                )
(a/k/a Debra E. Merrill),       )
                                )
        Plaintiff,              )
                                )
    v.                          )    No. 04-1276
                                )
M & M MARS Co.,                 )
                                )
        Defendant.              )
```

### O R D E R

Before the Court is Plaintiff, Debra E. Murril's Application to Proceed Without Prepayment of Fees And Affidavit [Doc. #31]. Because Plaintiff's appeal is "not taken in good faith," the Court will deny her Application.

Under 28 U.S.C. § 1915(a)(3), the Court is required to screen Plaintiff's appeal to determine whether it is taken in good faith. See Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000). To meet the "good faith" requirement, a court must "find that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 632 (7th Cir. 2000) (citations omitted).

On March 9, 2006, this Court granted summary judgment in favor of Defendant and against Plaintiff on her claims for employment discrimination and harassment based on her mental disability and race pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and Title VII of the

Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* In doing so, this Court held that Plaintiff could not succeed on her ADA and Title VII claims because she could not establish an employer/employee relationship with Defendant as required by the statutes. See <u>Aberman v. J. Abouchar & Sons</u>, 160 F.3d 1148 (7th Cir. 1998) (discussing the ADA) and <u>Alexander v. Rush North Shore Medical Center</u>, 101 F.3d 487 (7th Cir. 1996) (discussing Title VII).

In addition, this Court found that Plaintiff had no viable cause of action under the ADA because the alleged acts of discrimination and harassment took place approximately three years prior to the effective date of the ADA. See <u>Graehling v. Village of Lombard</u>, 58 F.3d 295, 296 (7th Cir. 1995) (holding that the ADA does not apply retroactively to alleged acts of discrimination that occurred prior to its effective date); <u>Vande Zande v. Wisconsin Dep't of Admin.</u>, 44 F.3d 538, 545 (7th Cir. 1995) (same). Furthermore, this Court held that Plaintiff did not include her Title VII claims in her EEOC charge and, therefore, was precluded from seeking judicial relief of such claims because they were not "like or reasonably related to the allegations of the charge" and could not "reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." <u>Cheek v. Western & S. Life Ins. Co.</u>, 31 F.3d 497, 500 (7th Cir. 1994) (internal quotations omitted); see also <u>Rush v.

McDonald's Corp., 966 F.2d 1104, 1110-1112 (7th Cir. 1992) ("An aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination.").

Accordingly, the Court finds that Plaintiff's appeal is "not taken in good faith" because a reasonable person would not suppose that her appeal has some merit.  See Walker, 216 F.3d at 632.

IT IS THEREFORE ORDERED that Plaintiff's Application to Proceed Without Prepayment of Fees And Affidavit [Doc. #31] is DENIED.


Entered this   20th   day of April, 2006.


       /s/ Joe B. McDade
       JOE BILLY McDADE
   United States District Judge

3